IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>Raymond & Associates, LLC,<br>   *Debtor*. | Case No.: 15-1883-JCO<br>Chapter 7 |
| Terrie Seal Owens,<br>   *Plaintiff,*<br>v.<br>Victor LaForce,<br>   *Defendant.* | Adv. Proc. No.: 17-117-JCO |

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS AND
## GRANTING ALTERNATIVE REQUEST FOR MORE DEFINITE STATEMENT

This matter came before the Court for a hearing on April 24, 2018, on Defendant, Victor LaForce's Motion to Dismiss Complaint or In The Alternative For A More Definite Statement (Doc. 10), and the Plaintiff's Response in Opposition thereto. (Doc. 16). Appearing on behalf of the Trustee Plaintiff were attorneys Jerry Speegle and Jennifer Holifield. On behalf of the Defendant was attorney Alexandra Garrett.

Having considered the pleading and Motion and Response thereto, the Court finds that Defendant's Motion to Dismiss is due to be and hereby is DENIED, and the alternative request for a more definite statement is due to be and hereby is GRANTED for the following reasons.

### FACTUAL AND PROCEDURAL HISTORY

On June 15, 2015, Debtor Raymond & Associates, LLC filed a voluntary petition for relief under Chapter of the Bankruptcy Code in this Court. Debtor's Chapter 11 case was converted to a Chapter 7 case on December 14, 2016. (15-1883, Doc. 488). Plaintiff Terrie S. Owens is the duly appointed Chapter 7 Trustee. On December 13, 2017, Trustee filed the Complaint forming the basis for this adversary proceeding. The Complaint consists of five

counts,[1] generally alleging that Defendant Victor LaForce (whose brother is Raymond LaForce, who is the sole member of the Debtor) may have been an officer, shareholder, member, agent, or other insider of the Debtor and/or Debtor's affiliate companies and engaged in preferential or fraudulent transfers made by the Debtor to the Defendant in the year preceding the Debtor's bankruptcy petition. Attached to the Complaint is a 628-page exhibit consisting of Debtor's general ledger and copies of checks issued by Debtor's affiliate companies. The exhibit contains thousands of entries, and the Complaint does not identify which transactions are actionable. Defendant contends that the Complaint falls below the minimum pleading standards required by Rules 8 and 9 of the Federal Rules of Civil Procedure.

CONCLUSIONS OF LAW

Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citing Conley v. Gibson,* 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly* at 555 (citations and quotation marks omitted). Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the

---

[1] Count One is for the avoidance of preference payments, Count Two for the recovery of preferential transfers under section 550 of the Bankruptcy Code, Count Three for the disallowance of claims pursuant to section 502(d), Count Four for avoidance of a fraudulent transfer, and Count Five for setting aside fraudulent transfers under the Alabama Uniform Fraudulent Transfer Act.

complaint are true (even if doubtful in fact). *Id.* (*citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed. 2004) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "[N]aked assertions devoid of further factual enhancement" will not satisfy Rule 8(a)(2)'s requirement of a short and plain statement of the claim showing the pleader is entitled to relief. *Id.* "[D]ismissal for failure of the complaint to state a claim upon which relief can be granted—is appropriate only where 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Manz v. Palomino*, 355 B.R. 349, 354 n. 3 (Bankr. S.D. Fla. 2006) (*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Courts may consider any written instrument attached to the complaint as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint. *See e.g., Home v. Potter,* 392 Fed. Appx. 800 (11th Cir. Aug. 16, 2010); *In re Mervyn's Holdings, LLC,* 426 B.R. 488, 496 (Bankr. D. Del. 2010) (a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to one for summary judgment).

Where a complaint alleges fraud, the pleading requirements imposed by Rule 9(b), incorporated by Rule 7009 of the Federal Rules of Bankruptcy Procedure, require the pleader to state with particularity the circumstances constituting fraud. *See* Fed. R. Civ. P. 9(b). Malice, intent knowledge, and other conditions of a person's mind may be alleged generally. *Id.*

Application

Defendant alleges that Counts One, Two and Three, as pled, do not rise to the minimum pleading standard required by Rule 8 of the Federal Rules of Civil Procedure, and instead, merely states labels, conclusions, and a formulaic recitation of the elements of each cause of action asserted.  In regard to the preference actions in Counts One and Two, and the cause of action in Count Three to disallow claims related to the alleged preference transactions in Counts One and Two, the Court acknowledges that the Trustee's Complaint likely fails to provide the minimum information required by Rule 8, and appears to assert information and facts that are currently unknown and the subject of discovery.  While the Trustee did provide supporting documentation of those causes of action, it was unfortunately in the form of 628 pages of voluminous, obscure and confusing bookkeeping of the Debtor.  Thus, the Complaint as pled, is devoid of factual enhancement, and may fail to nudge the allegations from conceivable to plausible, thereby failing to put the Defendant on notice of the claims against him in a way that would allow him to frame a responsive pleading.

The same is true for Counts Four and Five for fraudulent transfers.  Rule 9(b) of the Federal Rules of Civil Procedure requires a heightened pleading standard in order to plead fraud. The Trustee's Complaint fails to allege necessary facts, for example, the who, what, when, where, and how, to push her assertions over the line from conceivable to plausible thereby falling below this heightened pleading standard.

Nevertheless, outright dismissal without an opportunity for amendment is generally inappropriate.  *See In re Motorwerks, Inc.*, 371 B.R. 281, 294 (Bankr. S.D. Ohio 2007); Fed. R. Bankr. P. 7015 (incorporating Rule 15(a) of the Federal Rules of Civil Procedure which provides for the liberal allowance of amendments when "justice so requires").  The information the Defendant seeks to be identified may very well be necessary for adjudication of the claims, but it

should not result in a complete dismissal of the Trustee's Complaint without having given the Trustee an opportunity to investigate and amend.

At this juncture, the Court is unwilling to dismiss the Complaint without giving the Trustee the opportunity to further identify the specific transactions which directly support her assertions. Denying the Trustee an opportunity to investigate and amend her pleading as to Counts One, Two and Three would essentially have the effect of implementing a heightened pleading standard not required by Rule 8, and may cut off valid claims prematurely that could ultimately benefit the creditor body in the underlying Chapter 7 case.

Likewise, regarding fraud alleged in Counts Four and Five, the Trustee's Complaint fails to allege any facts with the necessary specificity to push her assertions over the line from conceivable to plausible, and thus, Counts Four and Five, as pled, fall below this heightened pleading standard. However, in the bankruptcy context, courts have held that Rule 9(b) should be interpreted liberally, particularly when the trustee, a third party outsider to the fraudulent transactions, is bringing the action. *See Barr v. Charter House Group Int'l, Inc.,* 238 B.R. 558 (Bankr. S.D.N.Y. 1999).

This liberal interpretation is relevant here, and, to conclude otherwise, could prematurely cut off viable claims which may result in a larger pool of funds payable to the creditor body. The Court finds that Defendant will not be unduly prejudiced by this Court's allowance of a liberal amendment of the pleadings. Furthermore, a relaxed standard under these circumstances is particularly appropriate where specificity rules are applied to a bankruptcy trustee who is forced to plead her case based on secondhand information often obtainable only through discovery. *In re Motorwerks, Inc.,* 371 B.R. 281, 294 (Bankr. S.D. Ohio 2007). Therefore, the Defendant's Motion to Dismiss is hereby DENIED without prejudice.

## CONCLUSION

Having considered the pleading, the Motion and Response, the arguments of the parties and the relevant law, this Court concludes that the Defendant's Motion to Dismiss is due to be and hereby is DENIED without prejudice, and the alternative request for a more definite statement is hereby GRANTED.  The Trustee is hereby ORDERED to conduct, within ninety days (90) from the date of this Order, preliminary discovery sufficient to uncover the facts and information necessary to identify and amend her Complaint to include the transfers to be avoided, or the Complaint shall be dismissed.  This matter is hereby set for STATUS on July 17, 2018, at 10:30 a.m. before the undersigned.

Dated:  May 9, 2018

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE